UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| KENNETH SCOTT, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>ABOVE AND BEYOND RETAIL SERVICES, INC. and ROBERT C. ABSHER,<br><br>    Defendants. | Case No. |

## <u>COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, KENNETH SCOTT, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC and CRUMLEY ROBERTS LLP file this Collective and Class Action Complaint against Defendants, ABOVE AND BEYOND RETAIL SERVICES, INC. and ROBERT C. ABSHER, (hereinafter referred to as "Defendants") and states as follows:

## <u>INTRODUCTION</u>

1. Plaintiff brings this action, individually and on behalf of all other similarly situated collective members who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover (i) unpaid overtime compensation Defendants failed to pay in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b); and (iv) attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) for which Defendants are liable as a result it's willful violations of the FLSA, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, *et seq.*

1.      Plaintiff also brings this action individually and on behalf of all other similarly situated Rule 23 class members to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq..,* the New York Labor Law ("NYLL"), §§ 650 *et seq.* and 190 *et seq.*, the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*, Massachusetts General Laws c. 151 §§ 1A and 20, and Nevada Revised Statutes ("N.R.S.") § 608.018.

2.      Defendants operate "Above and Beyond Retail Services," a visual merchandising and display firm serving retailers, fixture companies, and manufacturers including, *inter alia*, Dollar General and Lowes.

3.      Defendants employ Merchandising and Fixture Installers, whose duties include loading and reloading merchandise in stores, assembling retail shelving and aisles, unloading trucks, and labeling and placing signs in retail stores hired by Defendants.

4.      Merchandising and Fixture Installers are misclassified as independent contractors and are subject to Defendants' unlawful common policies and practices involving the failure to pay for hours worked in excess of forty per week at a rate of not less than one and one-half (1.5) times the regular rate of pay.

5.      Defendants unlawfully pay Merchandising and Fixture Installers for work performed at Dollar General stores a fixed sum for time it takes to complete the project regardless of how many hours worked with no premium for overtime.

6.      Defendants unlawfully pay Merchandising and Fixture Installers a fixed hourly rate for work performed in Lowes stores without any premium compensation for hours worked in excess of forty (40) in a workweek.

2

7.     Merchandising and Fixture Installers were not compensated for their frequent and regular travel away from their homes during overnight trips, which coincided with their normal working hours and often occurred in excess of forty (40) hours in a workweek.

8.     As a result, there were many weeks in which Merchandising and Fixture Installers were deprived of overtime compensation of 1.5 of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

9.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of all Merchandising and Fixture Installers who worked for Defendants and were classified as independent contractors at any time within the period of three years prior to the commencement of this action and the date of judgment. (hereinafter referred to as the "FLSA Collective").   Plaintiff reserves the right to amend this definition as necessary.

10.     Plaintiff brings his claims under the PMWA, the NYLL, the NJWHL, Massachusetts General Laws c. 151 §§ 1A and 20, and N.R.S. § 608.018 on his own behalf and on a class basis pursuant to Fed. R. Civ. P. 23 on behalf of classes of Merchandising and Fixture Installers who worked for Defendants in Pennsylvania, New York, New Jersey, Massachusetts, and Nevada, respectively, as further defined herein.

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under the FLSA, 29 U.S.C. § 201, *et seq.*

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims

3

13.     The Court has personal jurisdiction over Defendants because they are domiciled in North Carolina.

14.     Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.

## PARTIES

**Defendants**

15.     Defendant Above and Beyond Retail Services, Inc. is a for-profit corporation registered in North Carolina with headquarters located at 1920 Pads Road, North Wilkesboro, North Carolina, 28659.

16.     Defendant Above and Beyond Retail Services, Inc. is a visual merchandising and display firm serving retailers, fixture companies, and manufacturers.

17.     The website for Above and Beyond Retail Services, Inc. identifies the company as based out of North Carolina.[1]

18.     Defendant Above and Beyond Retail Services, Inc. has designated the following registered agent for service of process in North Carolina: Robert C. Absher, 1920 Pads Road, North Wilkesboro, North Carolina, 28659.

19.     Robert C. Absher is an adult resident of Wilkes County, North Carolina.

20.     Robert C. Absher is the president of Above and Beyond Retail Services, Inc.

21.     Defendants employ Merchandising and Fixture Installers to load and reload merchandise and label and place signs in retail stores hired by Defendants.

22.     During the relevant time period, Defendants misclassified Merchandising and Fixture Installers as 1099 independent contractors.

---

[1] https://aabretailservices.com/contact

23.     Defendants classify all, if not most, of its Merchandising and Fixture Installers as 1099 independent contractors.

**Plaintiff**

24.     Plaintiff Kenneth Scott is a resident of Escambia County, Alabama.

25.     Plaintiff has been employed by Defendants since May 2020.

26.     From May 2020 to the present, Plaintiff Scott worked for Defendants as a Merchandising and Fixture Installer.

27.     Defendants classified Plaintiff as a 1099 independent contractor.

28.     Plaintiff Scott performs work for Defendants in states including Georgia, Pennsylvania, Massachusetts, New York, New Jersey, Vermont, Tennessee, Alabama, Florida, Nevada, and North Carolina.

29.     Plaintiff Scott signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

## FACTUAL ALLEGATIONS

30.     Defendant Above and Beyond Retail Services, Inc. is a visual merchandising and display firm serving retailers, fixture companies, and manufacturers including, *inter alia*, Dollar General and Lowes.

31.     Merchandising and Fixture Installers duties include loading and reloading merchandise in stores, assembling retail shelving and aisles, unloading trucks, and labeling and placing signs in retail stores hired by Defendants.

32.     Merchandising and Fixture Installers were/are paid a flat rate for each completed Dollar General project.

33.     Merchandising and Fixture Installers were/are paid an hourly rate for work

performed in Lowes stores.

34. Defendants require Merchandising and Fixture Installers to regularly work more than forty hours per week.

35. Defendants unlawfully pay Merchandising and Fixture Installers for work performed at Dollar General stores a fixed sum regardless of how many hours worked with no premium for overtime.

36. Defendants unlawfully pay Merchandising and Fixture Installers a fixed hourly rate for work performed in Lowes stores without any premium compensation for hours worked in excess of forty (40) in a workweek.

37. Merchandising and Fixture Installers are not compensated for their frequent and regular travel away from their homes during overnight trips, which coincide with their normal working hours and often occur in excess of forty (40) hours in a workweek.

38. Defendants unlawfully alter time records of Merchandising and Fixture Installers working in Lowes stores and do not pay Merchandising and Fixture Installers for all time worked.

39. As a result, there are many weeks in which Merchandising and Fixture Installers are deprived of overtime compensation of 1.5 of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

40. In determining whether a worker is an employee or independent contractor, the Fourth Circuit applies a six-factor test to determine whether the worker is an employee or an independent contractor, based on "economic reality" and these factors are:

> 1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment

of workers; 4) whether the service rendered requires a special skill; 5) the degree of permanency and duration of the working relationship; and 6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Chao v. Mid-Atl. Installation Servs., Inc.*, 16 F. App'x 104, 106(4th Cir. 2001)

41.     Defendants hire Merchandising and Fixture Installers.

42.     Defendants determine Merchandising and Fixture Installers' rate and method of the payment.

43.     Defendants control the work schedules, duties, protocols, applications, assignments and work conditions of Merchandising and Fixture Installers.

44.     Merchandising and Fixture Installers are required by Defendants to perform their job in a particular manner as to when and where to perform the work.

45.     Merchandising and Fixture Installers are economically dependent on Defendants.

46.     Merchandising and Fixture Installers have or had an ongoing relationship with the employer.

47.     Merchandising and Fixture Installers assist Defendants in carrying out their principal business.

48.     Merchandising and Fixture Installers are not required to make any substantial financial investment in Defendants' business.

49.     Merchandising and Fixture Installers are not required to provide any job specific equipment in their employment, because Defendants supply all of the necessary materials for their work.

50.     Merchandising and Fixture Installers are not permitted by Defendants to employ workers.

51.     Merchandising and Fixture Installers receive all assignments from Defendants.

7

52. Merchandising and Fixture Installers can be terminated by the Defendants at any time.

53. Merchandising and Fixture Installers are unable to enhance/increase their wages.

54. Defendants' failure to pay Plaintiff and other Merchandising and Fixture Installers overtime compensation is not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

55. Defendants' violations of the above-described federal and state wage and hour statutes and regulations are willful, arbitrary, unreasonable and in bad faith.

56. Defendants know, or alternatively, recklessly disregard the fact that Merchandising and Fixture Installers qualify as employees under the FLSA, that they are eligible for overtime pay, and that the pay they receive does not satisfy the FLSA's overtime requirements.

## COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff re-alleges and incorporates all previous paragraphs herein.

58. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the "FLSA Collective," defined as:

> All Merchandising and Fixture Installers who worked for Defendants and were classified as independent contractors at any time within the period of three years prior to the commencement of this action and the date of judgment.

Plaintiff reserves the right to amend this definition as necessary.

59. At all relevant times, Plaintiff and other members of the FLSA Collective were/are "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

60.     Defendants "suffer or permit" Plaintiff and other members of the FLSA Collective to work and thus "employ" them within the meaning of 29 U.S.C. §203(g) of the FLSA.

61.     Members of the FLSA Collective are all non-exempt employees of Defendants.

62.     Defendants misclassify Plaintiff and other members of the FLSA Collective as independent contractors.

63.     Plaintiff and other members of the FLSA Collective perform primary job duties that do not fall within any exemptions from overtime under the FLSA.

64.     Plaintiff and other members of the FLSA Collective are subjected to the common unlawful policies and practices of Defendants as stated herein that violated the FLSA.

65.     Defendants fail to pay Plaintiff and other members of the FLSA Collective any overtime premium at a rate not less than one and one half (1.5) times of their regular rate of pay for hours worked overtime in excess of forty (40) hours in a workweek as required under the FLSA.

66.     As a result, in many workweeks Plaintiff and other members of the FLSA Collective work over 40 hours but are not paid for such hours at a rate not less than one and one half (1.5) times of their regular rates of pay.

67.     Defendants' failure to pay Plaintiff and other members of the FLSA Collective overtime compensation as required under the FLSA is knowing and willful.

68.     Defendants know that their policies result in Plaintiff and other members of the FLSA Collective not being paid proper overtime compensation.

69.     With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29

U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another in that they provided inspection and measurement services on behalf of Defendants; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

70.     Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in not being paid proper overtime compensation apply to all members of the FLSA Collective.

71.     Plaintiff estimates the FLSA Collective, including other similarly situated Merchandising and Fixture Installers over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

72.     Plaintiff re-alleges and incorporate all previous paragraphs herein.

73.     Plaintiff brings his claims under the PMWA, the NYLL, the NJWHL, Massachusetts General Laws c. 151 §§ 1A and 20, and N.R.S. § 608.018 on his own behalf and on a class basis pursuant to Fed. R. Civ. P. 23 on behalf of the following classes of Merchandising and Fixture Installers who worked for Defendants in Pennsylvania, New York, New Jersey, Massachusetts, and Nevada, respectively (the "Rule 23 Classes").

74.     Plaintiff brings his PWMA claims individually and on behalf of the "Pennsylvania Rule 23 Class," defined as:

> *All Merchandising and Fixture Installers who worked for Defendants in the Commonwealth of Pennsylvania and were*

*classified as independent contractors at any time within the period of three years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

75.     Plaintiff brings their NYLL claims individually and on behalf of the "New York Rule 23 Class," defined as:

*All Merchandising and Fixture Installers who worked for Defendants in the State of New York and were classified as independent contractors at any time within the period of six years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

76.     Plaintiff brings their NJWHL claims individually and on behalf of the "New Jersey Rule 23 Class," defined as:

*All Merchandising and Fixture Installers who worked for Defendants in the State of New Jersey and were classified as independent contractors at any time within the period of six years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

77.     Plaintiff brings their claims under Massachusetts General Laws c. 151 §§ 1A and 20 individually and on behalf of the "Massachusetts Rule 23 Class," defined as:

*All Merchandising and Fixture Installers who worked for Defendants in the State of Massachusetts and were classified as independent contractors at any time within the period of three years prior to the commencement of this action and the date of judgment.*

Plaintiff reserve the right to amend this definition as necessary.

78.     Plaintiff brings his claims under N.R.S. § 608.018 individually and on behalf of the "Nevada Rule 23 Class," defined as:

*All Merchandising and Fixture Installers who worked for Defendants in the State of New Jersey and were classified as*

> independent contractors at any time within the period of six years
> prior to the commencement of this action and the date of judgment.

Plaintiff reserves the right to amend this definition as necessary.

79.     The members of the Rule 23 Classes are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are over forty members of each of the Rule 23 Classes.   The members of the Rule 23 Classes should be easy to identify from Defendants' payroll and personnel records.

80.     There is a well-defined community of interest among the members of the Rule 23 Classes and common questions of law and fact predominate in this action over any questions affecting each individual class member.

81.     Plaintiff's claims are typical of those of the members of the Rule 23 Classes in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.   All of the class members are subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

82.     Plaintiff is employed by Defendants in the same capacity as all other members of the Rule 23 Classes. All members of the Rule 23 Classes are treated the same or similarly by management with respect to pay or lack thereof. This treatment includes, but is not limited to, failure to pay overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the members of the Rule 23 Classes.

83.     Plaintiff will fully and adequately protect the interests of the members of the Rule 23 Classes and has retained counsel who are qualified and experienced in the prosecution

of nationwide wage and hour class actions. Plaintiff and their counsel do not have interests that are contrary to, or conflicting with, the interests of the members of the Rule 23 Classes.

84. Defendants' corporate-wide policies and practices affect all class members similarly, and Defendants benefit from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

85. Plaintiff and the members of the Rule 23 Classes demand a trial by jury.

## COUNT I
**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

86. Plaintiff re-alleges and incorporates all previous paragraphs herein.

87. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

88. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

89. At all relevant times, Defendants have operated an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

90. At all relevant times, Defendants have operated an enterprise that had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been

moved in or produced for commerce.

91.    At all relevant times, Defendants have operated an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

92.    At all relevant times, Plaintiff and other FLSA Collective members were "engaged in commerce" and/or were "engaged in the production of goods for commerce," and subject to the individual coverage of the FLSA.

93.    Plaintiff and other FLSA Collective members regularly work over forty (40) hours a week as required by Defendants.

94.    At all times relevant to this action, Defendants failed to pay any overtime premium at a rate not less than one and one half (1.5) times of Plaintiff's and other FLSA Collective members' regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

95.    Defendants do not pay Plaintiff and other FLSA Collective members any overtime compensation for hours worked in excess of forty (40) in a workweek.

96.    Defendants' conduct and practices, described herein, are willful, intentional, unreasonable, arbitrary, and in bad faith.

97.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and other FLSA Collective members, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

98.    As a result of the foregoing, Plaintiff and other FLSA Collective members are illegally denied proper compensation and overtime compensation earned at the premium rate, in

such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

99. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year state of limitations applies to such violations.

**COUNT II**
**(Brought Individually and on a Class Basis Pursuant to Fed R. Civ. P. 23)**
**VIOLATIONS OF THE PMWA**
**Failure to Pay Overtime Wages**

100. Plaintiff re-alleges and incorporates all previous paragraphs herein.

101. Plaintiff and the members of the Pennsylvania Rule 23 Class work over forty hours a week for Defendants in several workweeks.

102. Defendants fail to compensate Plaintiff and the members of the Pennsylvania Rule 23 Class for all hours worked.

103. Plaintiff and the members of the Pennsylvania Rule 23 Class perform primary job duties that do not fall within any exemptions from overtime under the PMWA.

104. Defendants fail to pay Plaintiff and the members of the Pennsylvania Rule 23 Class overtime compensation at a rate not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty per week.

105. Defendants' conduct and practices, described herein, are willful, intentional, unreasonable, arbitrary, and in bad faith.

106. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the members of the Pennsylvania Rule 23 Class are illegally deprived of

overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

### COUNT III
**(Brought Individually and on a Class Basis Pursuant to Fed R. Civ. P. 23)**
**VIOLATIONS OF THE NYLL**
**<u>Failure to Pay Overtime Wages</u>**

107.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

108.    N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 provides, in relevant part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended….

109.    At all times relevant to this action, Defendants were an employer under N.Y. Lab. Law § 651, subject to the provisions of the NYLL.

110.    At all times relevant to this action, Plaintiff and other Rule 23 New York Class members were "employees" of Defendants within the meaning of N.Y. Lab. Law § 651.

111.    Plaintiff and other Rule 23 New York class members work many workweeks in excess of 40 hours within the last six (6) years.

112.    Defendants cause Plaintiff and other members of the Rule 23 New York class to not report all of the hours they worked in excess of forty (40) in a workweek.

113.    At all times relevant to this action, Defendants failed to pay Plaintiff and other Rule 23 New York Class members for all hours worked in excess of 40 in a workweek.

114.    Defendants' management knows or should know that Plaintiff and other members of the Rule 23 New York class are working hours in excess of 40 hours per week, without

overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

115. N.Y. Lab. Law § 663 provides that as a remedy for a violation of the NYLL, an employee is entitled to her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT IV**
**(Brought Individually and on a Class Basis Pursuant to Fed R. Civ. P. 23)**
**VIOLATION OF N.J.S.A. 34:11-56a,** *et seq.*
**Failure To Pay Overtime Wages**

116. Plaintiff re-alleges and incorporates all previous paragraphs herein.

117. At all times relevant to the action, Defendants were employers covered by the overtime and wage mandates of the New Jersey Wage Acts, and the Rule 23 Class are employees entitled to the protections of the New Jersey Wage Acts. N.J.S.A. 34:11-56a1(h)

118. Defendants "suffer or permit" the Plaintiff and other Rule 23 New Jersey class members to work and thus "employ" them within the meaning of N.J.S.A. 34:11-56a1(f).

119. N.J. Stat. § 34:11-56a4(a) provides that "each employer shall pay to each of his employees wages at a rate of not less than $8.85 per hour as of January 1, 2019…."

120. N.J. Stat. § 34:11-56a4(b) provides that "An employer shall also pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week…."

121. N.J. Stat. § 34:11-4.2 provides that "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer…."

122. Under New Jersey law, employees are entitled to be paid for "all hours worked." N.J. Admin. Code tit. 12, § 56-5.1.

123. Defendants violate the New Jersey Wage Act by regularly and repeatedly failing to compensate the Rule 23 Class for the time spent on the work activities described in this Complaint.

124. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

125. As a result, the Rule 23 New Jersey class has and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 New Jersey class is entitled to recover unpaid wages owed, including overtime wages, liquidated damages in the amount of 200% of the wages owed, plus costs and attorneys' fees, and other appropriate relief under the New Jersey Wage Acts at an amount to be proven at trial. *See* N.J. Stat. § 34:11-58.

**COUNT V**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**
**VIOLATIONS OF M.G.L. c. 151 § 1A**
**Failure To Pay Overtime**

126. Plaintiff re-alleges and incorporates all previous paragraphs herein.

127. Defendants are an "employer" of Plaintiff and the other members of the Rule 23 Massachusetts class within the meaning of M.G.L. c. 151 § 1B.

128. Plaintiff and the other members of the Rule 23 Massachusetts Class are "employees" of Defendants, within the meaning of M.G.L. c. 151 § 1A.

129. Defendants employ Plaintiff and the other members of the Rule 23 Massachusetts Class, within the meaning of M.G.L. c. 151 § 1A.

130. Defendants require Plaintiff and the other members of the Rule 23 Massachusetts Class to work over forty (40) hours in most weeks.

131. Defendants fail to pay Plaintiff and the other members of the Rule 23 Massachusetts Class for all hours worked.

132. In many weeks, the hours worked for which Defendants fail to pay Plaintiff and the other members of the Rule 23 Massachusetts class are in excess of forty (40) hours and should be paid at time-and-a-half (1.5) of their regular rates of pay, *see* M.G.L. c. 151 § 1A, but were not.

133. Defendants knowingly and/or recklessly disregard their obligation to ensure that all of Plaintiff's and the Rule 23 Massachusetts Class members' work hours are recorded and paid at time-and-a-half (1.5) of their regular rates of pay.

134. M.G.L. c. 151 § 20 provides that as a remedy for a violation of M.G.L. c. 151 § 1A, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus twice of this amount in liquidated damages (treble damages), plus costs and reasonable attorneys' fees.

## COUNT VI
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**
**VIOLATIONS OF N.R.S. §608.018**
**FAILURE TO PAY OVERTIME WAGES**

135. Plaintiff re-alleges and incorporates all previous paragraphs herein.

136. All members of the Rule 23 Nevada class are entitled to their regular wages and/or overtime pursuant to Nevada's wage and hour laws, N.R.S. §608.018.

137. Defendants are "employers" and Plaintiff Scott and the Rule 23 Nevada Class members are "employees" for the purposes of N.R.S.

138. N.R.S. § 608.018 states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week or eight (8) hours per day assuming the employee earns less than 1.5 times the Nevada minimum wages.

139. N.R.S. § 608.140 provides employees with a private right of action to recover

wages owed under N.R.S. §608.018. *See Neville v. Eighth Judicial Dist. Court of Nev.*, 406 P.3d 499 (Nev. 2017).

140.    By failing to pay Plaintiff Scott and members of the Rule 23 Nevada class an hourly rate of one and a half times their regular wag rate pursuant to the statute, Defendants violate N.R.S. §608.018.

141.    As a result, there are many weeks throughout the statutory period in which Plaintiff Scott and the Rule 23 Nevada class members received an hourly rate for overtime hours of less than "one and one-half times the[ir] regular rate," in violation of the N.R.S. § 608.018.

142.    Defendants' violations of N.R.S. §608.018 are intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

143.    Defendants' actions discussed above are willfully oppressive, fraudulent and malicious, entitling Plaintiff and the Rule 23 Nevada Class to punitive damages.

144.    Defendants violate Nevada law, including N.R.S. §608.018, by regularly and repeatedly failing to compensate Plaintiff Scott and the Rule 23 Nevada class for the time spent on the work activities described in this Complaint. As a result, Plaintiff Scott and the Rule 23 Nevada class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Nevada class are entitled to recover unpaid wages owed, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under N.R.S. §§ 608.005 *et seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff Kenneth Scott, on behalf of himself and all other Merchandising and Fixture Installers, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) thereto, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

c. A declaratory judgment that Defendants' wage practices alleged herein violate the PMWA, the NYLL, N.J.S.A. 34:11-56a, *et seq.*, M.G.L. c. 151 § 1A, and N.R.S. § 608.018;

d. An Order for injunctive relief ordering Defendants to comply with the FLSA, the PMWA, the NYLL, N.J.S.A. 34:11-56a, *et seq.*, M.G.L. c. 151 § 1A, and N.R.S. § 608.018, , and end all of the illegal wage practices alleged herein;

e. Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the claims set forth herein pursuant to the PMWA, the NYLL, N.J.S.A. 34:11-56a, *et seq.*, M.G.L. c. 151 § 1A, and N.R.S. § 608.018;

f. Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

g. Designating Lead Plaintiff as the representative of the FLSA collective and Rule 23 classes in this action;

h. Designating the undersigned counsel as counsel for the FLSA collective and Rule

23 classes in this action;

i.     An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

j.     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, the PMWA, the NYLL, N.J.S.A. 34:11-56a, *et seq.*, M.G.L. c. 151 § 1A, and N.R.S. § 608.018;

k.     Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all other Merchandising and Fixture Installers and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

l.     An order directing Defendants, at their expense, to investigate and account for the number of hours worked by Plaintiff and all Merchandising and Fixture Installers who opt-in to this action;

m.     An award for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

n.     An award for liquidated damages as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA, 29 U.S.C. §§ 201, et seq., and attendant regulations at 29 C.F.R. §§ 516, et seq., in an amount equal to all unpaid overtime compensation owed to all Plaintiff and other Merchandising and Fixture Installers including during the applicable statutory period;

o.     Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled, including pre- and post-judgement interest

to which Plaintiff and the Rule 23 class members are lawfully entitled;

p. Designation of BROWN, LLC and CRUMLEY ROBERTS LLP as counsel for the FLSA Collective; and

q. Such other and further relief as this Court deems necessary, just and proper.

## <u>JURY DEMAND</u>

Plaintiff, individually and on behalf of all other similarly situated Merchandising and Fixture Installers, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: February 22, 2022      By:   /s/ Brian L. Kinsley

Brian L. Kinsley
NC Bar No.: 38683
CRUMLEY ROBERTS LLP
2400 Freeman Mill Road
Greensboro, NC 27406
T: (800) 288-1529
blkinsley@crumleyroberts.com

*Local Counsel for Plaintiff*

Eric Sands*
Nicholas Conlon*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com

*Will seek admission pro hac vice

*Lead Counsel for Plaintiff*