IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL ACTION NO.: 5:22-cv-00019-KDB-DCK

| | |
|---|---|
| KENNETH SCOTT, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ABOVE AND BEYOND RETAIL SERVICES, INC. and ROBERT C. ABSHER<br><br>Defendants. | **SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release (the "Agreement") is entered into by and between the following Parties: (1) Kenneth Scott, both individually and on behalf of all members of the putative collective action under the Fair Labor Standards Act ("FLSA") ("Scott" or "Plaintiff"); and (2) Defendants Above and Beyond Retail Services, Inc., including and any of its parents, subsidiaries and affiliates and Robert C. Absher (collectively "Above and Beyond" or "Defendants"). The Parties agree as follows:

1. **Effective Date:** "Settlement Effective Date" is defined as the date on which the above-entitled matter ("the Lawsuit") is dismissed with prejudice.

2. **Relevant Time Period.** The "Relevant Time Period" is defined as: January 1, 2019, through the Settlement Effective Date.

3. **FLSA Collective Members**. As set forth herein, the "FLSA Collective Members" are all Merchandising and Fixture Installers who contracted with Defendants and were classified as independent contractors at any time within the period of three years prior to the commencement of this action and the date of judgment, to the extent they are included in the list attached here to as <u>Exhibit A</u>. For settlement purposes only, the Parties agree and stipulate that the requisites for establishing certification under 29 U.S.C. § 216(b) with respect to the FLSA Collective have been and are met. Defendants reserve all other arguments regarding certification and do not consent to certification for any purpose other than settlement.

4. **Consideration.** It is expressly understood and agreed that the receipt of any payment under this paragraph will not entitle any of the Plaintiffs to additional compensation or benefits from Defendants. In consideration for signing this Agreement and complying with its terms:

1

a. Subject to Court approval of the Settlement Agreement, and on the terms and conditions set forth in this Settlement Agreement, Defendants will pay and promise as follows. Defendants will make available a maximum total sum of $200,000.00 ("Total Settlement Amount") in the following categories:

b. A Claims-Made Collective Fund of $124,018.43 against which FLSA Collective Members may submit claims. Defendants will pay to each FLSA Collective Member who submits a timely claim using the agreed Claim Form (Exhibit B) and fulfills the conditions of the claims procedure specified in this Settlement Agreement and/or previously submitted a consent form, the payment amounts set forth in Exhibit A, which were determined based on an agreed formula taking into account their workweeks and estimated overtime damages. To the extent each FLSA Collective Member does not file a claim, Defendants shall retain such designated amounts.

c. Of the amounts paid to each such Plaintiff and FLSA Collective Members, 100% will be deemed a non-wage payment and paid without any withholding and subject to reporting as non-employment income reported in Box #3 on IRS Form 1099-MISC.

d. Service award and consideration for a general release in the amount of $2,000.00 to Plaintiff, subject to Court approval. In exchange for payment of the Service Award and consideration, Plaintiff agrees to sign a General Release agreement substantially in the form of Exhibit C.

e. Subject to approval by the Court, Defendants agree to pay to Plaintiffs' Counsel, up to $66,666.67 in attorneys' fees, plus $1,314.90 in litigation costs and expenses, and $6,000.00 to the Notice Administrator in expenses for settlement administration, in full and complete satisfaction of all claims by Plaintiff and his counsel for attorneys' fees, costs and expenses of any kind whatsoever. Plaintiffs' Counsel will apply to the Court for payment of said amounts, to be approved by the Court. Defendants and Defendants' counsel will not oppose such a request. The total attorneys' fees and costs actually paid will be as approved by the Court in its Order, subject to appellate rights. Defendants will report the payments to Plaintiffs' Counsel using an IRS Form 1099. The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded. Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Agreement, and shall not affect or delay the entry of judgment in the Lawsuit.

g. Plaintiffs' Counsel and Defendants agree that Defendants will make the service award and *pro rata* shares of the Claims Made Collective Fund due

to Scott via FedEx or other non-USPS courier with a tracking number to Brown, LLC, located at 111 Town Square Place, Suite 400, Jersey City, New Jersey 07310 within thirty (30) days of court approval of the settlement.

Defendants will make payments to all members of the FLSA Collective (other than Scott) who timely submit Claim Forms and/or previously submitted consent forms to an escrow account operated by the Notice Administrator within sixty (60) days of the expiration of the 60-day period for FLSA Collective Members to file claims. The Notice Administrator shall then promptly issue and mail each member of the FLSA Collective (other than Scott) who timely submits Claim Forms and/or previously submitted consent forms a check for his or her *pro rata* share of the Claims Made Collective Fund, which shall become void after one hundred-and-twenty (120) days.

Defendants each individually guarantee payment of the full settlement amount. The Parties agree that Defendant will be subject to an economic penalty of $5,000.00 upon default of payments described herein, which if recovered, will be added to the *pro rata* shares of the Claims Made Collective Fund. Upon default of service and wage payments due to Scott and fees and costs payments to Plaintiffs' Counsel, the Total Settlement Amount shall immediately become due and payable.

Defendants will make payment the attorneys' fees and costs approved by the Court to Plaintiffs' Counsel within thirty (30) days following court approval of the same.

Finally, Defendants will make payment to the Notice Administrator for settlement administration expenses within thirty (30) days following court approval of the same.

5. **Notice to FLSA Opt-In Collective.** After the execution of this agreement, Plaintiffs will move for, and Defendants will not oppose, an order from the Court in the form of Exhibit E hereto ("Approval Order") approving the Agreement (subject to a later determination as to the proposed attorneys' fees and costs), dismissing the Lawsuit with prejudice and directing Defendants, within fourteen (14) days, to provide the Notice Administrator with a list of FLSA Collective Members' names, last known mailing addresses, e-mail addresses and cell phone numbers (to the extent in Defendants' possession), social security numbers or other tax identification numbers (to the extent in Defendants' possession), and settlement payment amount. Notice of this settlement shall be promptly sent by the Notice Administrator by first-class mail with a pre-paid return envelope and by email and text message (where available) to all members of the FLSA Collective in the form of Exhibit D. Each member will have sixty (60) days from the date the notice is mailed to return his or her Claim Form by mail or online. The date of submission for Claim Forms submitted by mail will be deemed to be the date on which it is postmarked. Only those FLSA Collective Members who timely return a fully completed Claim Form in the form of Exhibit B, and/or who previously submitted consent forms in this action, will be entitled to or have

any interest in their *pro rata* share of the Claims Made Collective Fund. The notice sent via e-mail or text shall include a link to a website displaying the text of the notice and enabling FLSA Collective Members to submit their Claim Forms online. Within twenty-one (21) days of the close of the sixty-day deadline for submission of Claim Forms, Plaintiffs will move for, and Defendants will not oppose, an order from the Court in the form of Exhibit F hereto ("Fee Award") approving the proposed attorneys' fees and costs and settlement administration expenses.

6. **Release of Claims by FLSA Collective.** In consideration of the benefits inuring to the Parties hereto, all members of the FLSA Collective who timely submit Claim Forms and/or previously submitted consent forms are deemed hereby to have forever released, discharged, relieved, covenanted not to sue or proceed in any way against, and consent to being enjoined from suing, (i) Defendants; (ii) any current or former subsidiary, parent company, successor, assign, or division of Defendants (including, without limitation, all entities named in any pleadings in this matter); and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims, actions, causes of action (in law or equity), suits, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs and expenses (including attorneys' fees), known or unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, which they have, will have, had, ever had, claim to have, claim to have ever had, or could in the future claim to have, against any of the Releasees for unpaid wages under the FLSA, that were or could have been asserted in the lawsuit based on the facts alleged therein, for the Relevant Time Period set forth in Paragraph 2 above.

In addition, all members of the FLSA Collective that live or worked for Defendants in the following states: Alabama, Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Vermont, Virginia, and/or West Virginia (the "States") who timely submit Claim Forms and/or who previously submitted consent forms are deemed hereby to have forever released, discharged, relieved, covenanted not to sue or proceed in any way against, and consent to being enjoined from suing, (i) Defendants; (ii) any current or former subsidiary, parent company, successor, assign, or division of Defendants (including, without limitation, all entities named in any and pleadings in this matter); and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims, actions, causes of action (in law or equity), suits, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs and expenses (including attorneys' fees), known or unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, based on any theory whatsoever, which they have, will have, had, ever had, claim to have, claim to have ever had, or could in the future claim to have, against any of the Releasees for unpaid wages under state laws, including, but not limited to the claims alleged in Plaintiff's Complaint under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, et. seq., the New York Labor Law ("NYLL"), §§ 650 et. seq. and 190 et. seq., the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. 34:11-56a et seq., the Massachusetts General Laws c. 151 §§ 1A and 20, and the Nevada Revised Statutes ("N.R.S.") § 608.018., or common law and any other claims for unpaid wages, that were or could have been asserted in the lawsuit based on the facts alleged therein, respectively during the applicable statutes of limitation in the States.

7. **Governing Law and Interpretation.** This Agreement shall be governed and interpreted in accordance with the laws of the State of North Carolina. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants expressly deny any wrongdoing whatsoever in connection with the allegations in the Lawsuit. Furthermore, Defendants expressly deny ever having employed any members of the FLSA Collective.

9. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made in connection with her decision to accept this Agreement, except for those expressly set forth in this Agreement.

11. **Non-Disclosure.** Plaintiff and Plaintiff's Counsel agree not to issue or cause to be issued any press release or otherwise affirmatively make public disclosures regarding the underlying facts, transactions, occurrences, events, acts, omissions, or failures to act that were or could have been alleged in the Lawsuit, nor any information concerning the existence or substance of this Agreement, including specifically on or in any media, whether print or electronic media such as social media, web pages, video, apps, or email. However, Plaintiff and Plaintiff's Counsel may reasonably respond to inquiries from employees or the press. To the extent this provision is disfavored by the Court, the Parties agree it be severable from the Agreement.

12. **Counterparts.** This Agreement may be executed in one or more counterparts and by facsimile or email. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

13. **Invalid Without Court Approval.** This Agreement is subject to approval by the United States District Court for the Western District of North Carolina. As such, the Parties agree that: (1) the Agreement shall be deemed null and void, of no force and effect, and of no probative value; (2) the Agreement will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Lawsuit; and (3) the Parties shall return to their respective positions immediately prior to the execution of the Agreement. If the Court does not approve any particular provision in the Agreement, the Parties may agree to sever any such provision and resubmit the Agreement to the Court for approval.

14. **Enforcement Actions.** In the event one or more of the Parties to this Agreement institutes any legal action or other proceeding against any other party or parties to

enforce the provisions of this Agreement or to declare rights or obligations under the Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties' reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

15. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in the Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFF HAS HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT. PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**ABOVE AND BEYOND RETAIL SERVICES, INC.**

By: _____  Date: _____

**ROBERT C. ABSHER**

By: _____  Date: _____

**KENNETH SCOTT (on behalf of himself and all FLSA Collective Members):**

By: *[signature]*  Date: 08 / 11 / 2023

**PLAINTIFFS' COUNSEL (on behalf of all FLSA Collective Members):**

By: /s/ Nicholas Conlon  Date: 8/11/2023

enforce the provisions of this Agreement or to declare rights or obligations under the Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties' reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

15. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in the Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFF HAS HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT. PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**ABOVE AND BEYOND RETAIL SERVICES, INC.**

By: _Robert C. Absher_ Date: 8/11/2023

**ROBERT C. ABSHER**

By: _Robert C. Absher_ Date: 8/11/2023

**KENNETH SCOTT (on behalf of himself and all FLSA Collective Members):**

By: _____ Date: _____

**PLAINTIFFS' COUNSEL (on behalf of all FLSA Collective Members):**

By: _____ Date: _____