IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00019-KDB-DCK

| | |
|---|---|
| **KENNETH SCOTT,**<br><br>Plaintiff,<br><br>v.<br><br>**ABOVE AND BEYOND RETAIL SERVICES, INC. AND ROBERT C. ABSHER,**<br><br>Defendants. | **ORDER** |

Upon consideration of the Plaintiff's Unopposed Motion for Approval of Collective Action Settlement ("Motion") (Doc. No. 37) and the Settlement Agreement and Release ("Settlement Agreement"), List of Putative Collective Members, proposed Claim Form, Scott Settlement Agreement and General Release, and proposed Notice to FLSA Collective Members filed in this action (Doc. Nos. 36, 36-1, 36-2, 36-3 and 36-4), and good cause appearing,

**IT IS HEREBY ORDERED** that all capitalized terms in this Order not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement;

**IT IS HEREBY FURTHER ORDERED** that the parties' FLSA collective action settlement, which was negotiated at arm's length by experienced counsel, fairly and reasonably resolves a bona fide dispute (in light of, among other things, the benefits accruing to members of the FLSA Collective, the time and effort expended by the Parties, and the complexity, risk, expense and possible length of time of continued litigation), satisfying the applicable standard for approval under 29 U.S.C § 216(b) as a fair and equitable resolution of a bona fide dispute.

1

**IT IS HEREBY FURTHER ORDERED** that the Settlement Agreement is approved as fair and reasonable;

**IT IS HEREBY FURTHER ORDERED** that for settlement purposes, the Court finds that members of the proposed settlement collective are "similarly situated" under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Members of the proposed FLSA Collective raise similar legal issues arising from a common policy or practice alleged to be unlawful under the FLSA. Fairness and procedural considerations, including the number of similarly situated employees covered by the settlement collective and the effectiveness of allowing them to join in the litigation to participate in a common settlement, also weigh in favor of collective action treatment.

**IT IS HEREBY FURTHER ORDERED** that, having met the requirements under section 216(b) of the Fair Labor Standards Act, the following FLSA Collective is certified solely for purposes of settlement:

> **FLSA Collective**: The approximately 950 Merchandising and Fixture Installers who contracted with Defendants and were classified as independent contractors at any time within the period of three years prior to the commencement of this action and the date of judgment, to the extent they are included in the list attached to the Settlement Agreement as Exhibit A.

**IT IS HEREBY FURTHER ORDERED** that the proposed service award in the amount of $2000 for Plaintiff Kenneth Scott is approved because it is reasonable and warranted based on the actions that this recipient took over the course of the litigation to protect and advance the interests of others to whom a substantial benefit has been conferred under the settlement;

**IT IS HEREBY FURTHER ORDERED** that the Claim Form and form Notice to FLSA Collective Members filed together with this Order (collectively referred to as "Notice")

are approved. The Court finds that, as revised by the Court, they are written in clear, concise and easy to understand language; fairly and accurately explain to the members of the FLSA Collective the material terms of the proposed settlement, their legal rights and what they must do to participate in the settlement; and otherwise comport with the requirements of due process;

**IT IS HEREBY FURTHER ORDERED** that Analytics, LLC ("Notice Administrator") is appointed Notice Administrator under the Settlement Agreement and shall send the Court approved Notice to the FLSA Collective and, upon the Court's approval of the Settlement, shall perform such other administrative services as set forth in the Settlement Agreement;

**IT IS HEREBY FURTHER ORDERED** that, within fourteen (14) days of the date of this Order, Defendants shall provide to the Notice Administrator the names, the last known home address, e-mail address and mobile phone information, and social security numbers – to the extent this information is available to Defendants or can be reasonably ascertained – and the *pro rata* settlement shares for all individuals in the FLSA Collective;

**IT IS HEREBY FURTHER ORDERED** that, the Notice Administrator shall send notice, in substantially the form of the Notice approved by the Court and attached to this Order, and in accordance with the procedures of the Settlement Agreement, to the members of the FLSA Collective by first-class mail (and via e-mail and text message unless such information cannot reasonably be ascertained) with a pre-paid return envelope to the home addresses provided to it by Defendants;

**IT IS HEREBY FURTHER ORDERED** that, within sixty (60) days from the date the Notice Administrator mails the Notice, any member of the FLSA Collective who

wishes to participate in the Settlement shall submit his or her Claim Form in this action in accordance with the terms set forth in the Notice;

**IT IS HEREBY FURTHER ORDERED** that, without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Final Order and Judgment as may be necessary and appropriate for the construction and implementation of the terms of the Settlement Agreement, including but not limited to a ruling on Plaintiffs' Counsel's forthcoming motion for approval of the proposed attorneys' fees and costs and settlement administration expenses;

**IT IS HEREBY FURTHER ORDERED** that this action is hereby dismissed in its entirety as against Defendants *with prejudice*, and without attorney's fees or costs to any party except as provided in the Fee Award pursuant to the Settlement Agreement. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure;

**IT IS HEREBY FURTHER ORDERED** that, within twenty-one (21) days of the close of the sixty-day deadline for submission of Claim Forms, Plaintiffs shall file a motion for approval of the proposed attorneys' fees and costs and settlement administration expenses;

**IT IS HEREBY FURTHER ORDERED** that the parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order (to the extent there is any inconsistency between the Settlement Agreement and this Order, the Order controls); and

**IT IS HEREBY FURTHER ORDERED** that counsel for the Parties and the Notice Administrator are authorized to jointly use all reasonable procedures in connection with the approval and administration of the settlement that are not materially inconsistent with this

Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or layout of the Notice that they jointly agree are reasonable or necessary. Also, the Notice Administrator may follow up with any Collective Member who submits a Claim Form to request the participant's social security number if necessary to comply with IRS regulations (and the number is not otherwise reasonably available). The Parties and the Notice Administrator shall not make any changes to the content of the Notice other than to correct typographical or similar errors or omissions without further approval from the Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 15, 2023

Kenneth D. Bell
United States District Judge